UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE LEBLANC,<br><br>            Plaintiff,<br><br>      v.<br><br>VINCENT RUBIO, et al.,<br><br>            Defendants. | Case No.: 1:26-cv-02954-EGC (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE AS PLAINTIFF HAS INCURRED THREE OR MORE STRIKES AND DOES NOT MEET THE IMMINENT DANGER EXCEPTION UNDER THE PRISON LITIGATION REFORM ACT**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Antoine LeBlanc is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.      INTRODUCTION**

On April 20, 2026, Plaintiff filed his complaint. (Doc. 1.) Plaintiff did not submit an application to proceed *in forma pauperis* (IFP). Nevertheless, an IFP application is unnecessary, as explained below.

**II.      THREE STRIKES PROVISION OF 28 U.S.C. § 1915**

Title 28 of the United States Code section 1915 governs IFP proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

### III.    JUDICIAL NOTICE

This Court takes judicial notice[1] of four prior lawsuits filed by Plaintiff in the United States District Court for the Central District of California:

1. *LeBlanc v. Soto*, No. 2:15-cv-05174-JLS-AFM (C.D. Cal.) (dismissed for failure to state a claim on September 11, 2017)

2. *LeBlanc v. Asuncion*, No. 2:16-cv-04725-JLS-AFM (C.D. Cal) (dismissed for failure to state a claim on July 8, 2016)

3. *LeBlanc v. Asuncion,* No. 2:16-cv-07434-JLS-AFM (C.D. Cal.) (dismissed for failure to state a claim on October 12, 2016)

4. *LeBlanc v. Asuncion*, No. 2:16-cv-07522-JLS-AFM (C.D. Cal.) (dismissed for failure to file amended complaint on December 22, 2016)

A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017); *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Because Plaintiff has incurred at least three prior "strikes," and each was dismissed prior to the commencement of the current action on April 20, 2026, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

### IV.   IMMINENT DANGER DISCUSSION

#### *Plaintiff's Allegations*

The Court has conducted a review of Plaintiff's complaint. It alleges "Malicious Prosecution in violation of the 4th Amendment," "False Evidence Devereau Claim," several Fourteenth Amendment equal protection violations, and a First Amendment retaliation claim, against numerous individuals employed at the California State Prison, Corcoran (CSP-COR) in Corcoran, California. (Doc. 1.) Briefly stated, Plaintiff alleges: (1) correctional staff submitted false evidence in May 2019 resulting in felony charges filed in the Kings County Superior Court that were ultimately dismissed by the prosecutor in 2023; (2) in June 2018, correctional staff ignored Plaintiff's suicidal ideation and cuts to his left forearm, used excessive force against him and conspired to submit false reports resulting in a rules violation report that prevented Plaintiff's transfer and interrupted his programming, as well as criminal charges "sent to another District Attorney's Office in Los Angeles that deprived [him] of a fair trial there and induced [him] to take 20 years causing [him] extreme distress;" (3) an equal protection violation alleged against three correctional officers for treating Plaintiff "differently by punching, kicking, and spitting on an unresisting Plaintiff;" (4) an equal protection violation against the same three correctional officers concerning Plaintiff's mental health status and self-mutilation in June 2018; (5) an equal protection violation against the same three correctional officers concerning events in June 2018 wherein Plaintiff alleges their denial of his request for mental health treatment was discriminatory because Plaintiff is black, the officers are Hispanic, and they "made their hatred and disdain for Plaintiff known" with a derogatory term and "the spitting;" and (6) Defendants retaliated against Plaintiff by extracting him from his cell after he sought mental health treatment for suicidal thoughts and actions.

Plaintiff's allegations do not satisfy the imminent danger exception to section 1915(g). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL

5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Here, the Court is unable to identify any genuine emergency involving a real or proximate threat where time is pressing. *Lewis*, 279 F.3d at 531. Plaintiff does not allege he is in any imminent danger from any named defendant, and the events giving rise to his claims all occurred in 2018 or 2019. Plaintiff simply does not allege "a real, present threat." *Blackman*, 2016 WL 5815905, at *1; *see also Taylor v. Carter*, No. 1:13-cv-1155 SAB (PC), 2014 WL 11774844, at *1 (E.D. Cal. May 5, 2014) (finding plaintiff's allegations of "excessive force, retaliation, and due process allegations arising from his placement and retention in administrative segregation" failed to show plaintiff was in imminent danger at the time the complaint was filed"). Significantly too, the allegations giving rise to Plaintiff's claims occurred at CSP-COR, yet Plaintiff's complaint indicates he is presently housed at the California Substance Abuse Treatment Facility (CSATF) in Corcoran, California. Therefore, at the time Plaintiff initiated this action he was no longer housed at CSP-COR. *Andrews*, 493 F.3d at 1053 (imminent danger is assessed at the time of filing of the original complaint); *see also Cruz v. Huerta*, No. 1:20-cv-01073-DAD-BAM (PC), 2021 WL 949468, at *1 (E.D. Cal. Mar. 12, 2021) (adopting findings that plaintiff was not "'in any imminent danger of serious physical injury at the time the complaint was filed, because he was not housed at the institution where the violations allegedly occurred'"); *Scott v. Valladalio*, No. 1:20-cv-00705-BAM (PC), 2020 WL 9065814, at *1 (E.D. Cal. May 27, 2020) (finding that "Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed, because he is no longer housed at the institution where the violations allegedly occurred and where the Defendants are employed"), adopted, 2020 WL 9065813 (E.D. Cal. Oct. 8, 2020); *Joseph v. Horwitz*, No. 2:18-cv-3155 KJN P, 2018 WL 10721078, at *1 (E.D. Cal. Dec. 12, 2018) (finding "Plaintiff is still housed at RJDCF. Because plaintiff was no longer housed at MCSP when he filed this action, the alleged inadequate medical

4

care he received at MCSP does not constitute an imminent danger"), adopted 2019 WL 8723923 (E.D. Cal. Jan. 7, 2019); *Womack v. Swingle*, No. 2:17-cv-0829 JAM AC P, 2017 WL 8793337, at *2 (E.D. Cal. Oct. 13, 2017) (finding "[t]he complaint does not allege facts establishing imminent danger because the facts alleged refer to events that happened in the past and at a prison where plaintiff was no longer housed at the time he filed the complaint"), adopted, 2017 WL 8793338 (E.D. Cal. Dec. 20, 2017), *aff'd*, 749 Fed. App'x 581 (9th Cir. 2019).

In sum, Plaintiff fails to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed. Therefore, Plaintiff should be precluded from proceeding IFP in this action and must pay the $405.00 filing fee to litigate this action. *Andrews*, 493 F.3d at 1052-53; *Lewis*, 279 F.3d at 531.

## V.    ORDER AND RECOMMENDATION

Accordingly, the Court **HEREBY ORDERS** the Clerk of the Court to assign a district judge to this action.

Further, based on the foregoing, the Court **HEREBY RECOMMENDS** that:

1.  Plaintiff be precluded from proceeding IFP in this action in accord with 28 U.S.C. section 1915(g); and

2.  Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time

5

may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 5, 2026**

_____
UNITED STATES MAGISTRATE JUDGE