UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE LEBLANC,<br><br>              Plaintiff,<br><br>       v.<br><br>VINCENT RUBIO, et al.,<br><br>              Defendants. | Case No.: 1:26-cv-02954-JLT-EGC (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S CONSTRUED MOTION FOR INJUNCTIVE RELIEF**<br><br>(Doc. 13)<br><br>14-Day Objection Period |

Plaintiff Antoine LeBlanc is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.      BACKGROUND

Plaintiff initiated this action by filing his complaint on April 20, 2026. (Doc. 1.)

On May 5, 2026, the undersigned issued Findings and Recommendations to dismiss this action, finding Plaintiff has incurred three or more strikes pursuant to the Prison Litigation Reform Act (PLRA) and did not meet the imminent danger of serious physical injury exception. (Doc. 8.) The undersigned recommended Plaintiff be precluded from proceeding *in forma pauperis* and that he be required to pay the full filing fee for this action within 30 days. (*Id*. at 5-6.)

On May 15, 2026, Plaintiff filed a notice of change of address and objections to the Findings and Recommendations. (Docs. 9 & 10.)

Thereafter, on May 19, 2026, the Court vacated the Findings and Recommendations and granted Plaintiff a 60-day extension of time within which to pay the filing fee. (Doc. 11.)

On June 1, 2026, Plaintiff filed a document titled "Proof of Service/Filing $405 Filing Fee & Declaration." (Doc. 12.)

On June 22, 2026, Plaintiff filed a document titled "Notice of Motion and Motion for an Order Requiring CDCR to Allow Plaintiff to Pay Filing Fee With Money on Plaintiff's Books." (Doc. 13.)

On June 26, 2026, Plaintiff filed a document titled "Letter of Notice of Payment." (Doc. 14.)

**II.      DISCUSSION**

The Court begins by addressing Plaintiff's motion filed June 22, 2026, before briefly addressing Plaintiff's other filings.

***Plaintiff's Motion (Doc. 13)***

Plaintiff seeks an order from this Court "requiring non-defendant state actor California Department of Corrections to allow Plaintiff to send the $405 filing fee to the court utilizing its own procedures of sending it off my books or explain to the court why I have not been allowed to." (Doc. 13 at 1.)

In the supporting declaration, Plaintiff indicates he gave his "counselor at [the Substance Abuse Treatment Facility (SATF)] a trust withdrawal to be signed with a letter to be sent to the court in the amount of $410 to pay the filing fee in this case" and that "[a]s the court knows, she did not sign it and instead sent the letter and the form but not the money." (Doc. 13 at 2.) Next, Plaintiff states he "sent CCI Hatter a 22 form requesting" to meet with her about sending the trust form and the filing fee; a week later "she sent [him] to a litigations personnel who could not assist" him. (*Id*.) Further, Plaintiff states that on May 22, 2026, he "gave CCI Roman a trust withdrawal in the amount of $405 for the filing fee and a letter to the courts." (*Id*.) Plaintiff declares that on May 26, 2026, he "sent a 22 form to the trust office inquiring whether they received" his withdrawal request. (*Id*. at 2-3.) That office responded on June 10, 2026, indicating it had "not received the trust withdrawal." (*Id*. at 3.) On or about that same day, Plaintiff filed a grievance concerning his

2

"missing mail but CDCR won't respond for at least 60 days which is past the courts filing date." (*Id.*) Next, Plaintiff declares he began a hunger strike on May 28, 2026, "for various reasons including to demand that [Pelican Bay State Prison (PBSP)] send the filing fee to the court." (*Id.*) Plaintiff states that after eleven days, neither a lieutenant nor a captain came to speak with him "against their own policy and content to let [him] starve." (*Id.*) Plaintiff's hunger strike ended without a "resolution or info," and he now seeks an order from this Court. (*Id.*)

The Court construes Plaintiff's motion to seek injunctive relief and considers it accordingly.

<u>Applicable Legal Standards</u>

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g.*, *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible,

in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

<u>Analysis</u>

Plaintiff seeks an order directed to the California Department of Corrections and Rehabilitation (CDCR). A review of Plaintiff's complaint reveals Plaintiff has named six individuals employed at California State Prison in Corcoran as defendants in this action: Vincent Rubio, A. Gonzalez, Jr., S. Anaya-Cortez, I. Medina, D. Ruffin, and K. Ferry. (Doc. 1 at 1-3.) Plaintiff also identifies "CSP-Corcoran … a public entity of the State of California" as a defendant in the action. (*Id*. at 3.) Plaintiff presents a "malicious prosecution in violation of the 4th amendment" claim (*id*. at 4-6), a "False Evidence Devereaux Claim" (*id*. at 7-13), a Fourteenth Amendment equal protection "Class of One" claim (*id*. at 16-17), two additional Fourteenth Amendment equal protection violations (*id*. at 18-21), a First Amendment retaliation claim (*id*. at 22-23), and an Eighth Amendment cruel and unusual punishment claim (*id*. at 24-25). Plaintiff also identifies "pendant [sic] state claims," including assault, battery, and the Bane Act. (*Id.* at 26-28.)

Notably, none of the defendants named in Plaintiff's complaint have appeared in this action. Therefore, injunctive relief is not appropriate at this time. *Hitchman Coal & Coke Co.,* 245 U.S. at 234-35; *Zepeda*, 753 F.2d at 727-28. Moreover, the relief sought differs from the claims asserted in Plaintiff's complaint; therefore, the Court does not have authority to issue the order Plaintiff seeks. *Pac. Radiation Oncology, LLC,* 810 F.3d at 633.

Concerning the first *Winter* factor, Plaintiff's complaint is pending screening. *See* 28 U.S.C. § 1915A(a). It is too early to determine whether Plaintiff is likely to succeed on the merits of his claims. Thus, Plaintiff cannot establish he is likely to succeed on the merits of his claims. *Glossip*, 576 U.S. at 876; *Winter*, 555 U.S. at 20; *see also Disney Enterprises, Inc. v. VidAngel, Inc*., 869 F.3d 848, 856 (9th Cir. 2017) (in deciding whether a preliminary injunction should issue, the likelihood of success on the merits is the most important factor for the court to consider).

Next, the Court considers whether Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, the second *Winter* factor. On May 19, 2026, the undersigned granted Plaintiff a 60-day extension of time within which to pay the filing fee. (Doc. 11.) The order stated such an

4

extension "should allow sufficient time for Plaintiff to obtain his legal property and to learn whether his request to the prior institution was processed prior to his transfer. In the event his request was not processed, a 60-day extension of time should allow sufficient time for Plaintiff to resubmit such a request to officials at Pelican Bay State Prison." (*Id*. at 2.) The order further advised Plaintiff that if he required additional time to pay the filing fee, he could "seek a further extension of time …." (*Id*.) First, 60 days from May 19, 2026, is July 18, 2026. July 18 is a Saturday, making the filing fee due on the next court business day, or Monday, July 20, 2026. Therefore, the relevant deadline has not yet lapsed. Second, Plaintiff could have sought an additional extension of time; instead, he filed the instant motion. In any event, Plaintiff has not shown he is likely to suffer irreparable harm in the absence of the relief he seeks. Nearly three weeks remain against the deadline to pay the full filing fee for this action, and the Court has previously indicated it would consider a further extension of that deadline.

Lastly, the undersigned finds Plaintiff fails to address or to establish the third and fourth *Winter* factors. In any event, he makes no showing that the balance of equities tips in his favor or that an injunction is in the public interest. Without establishing a likelihood of success on the merits or a credible showing of irreparable harm, the undersigned finds the balance of equities does not tip in Plaintiff's favor, nor does it appear that the injunction Plaintiff seeks is in the public's interest. *Glossip*, 576 U.S. at 876; *Winter*, 555 U.S. at 20.

In sum, Plaintiff is not entitled to the extraordinary relief afforded by a preliminary injunction. *Winter*, 555 U.S. at 24. Therefore, the undersigned will recommend his construed motion for injunctive relief be denied.

### Plaintiff's Other Filings (Docs. 12 & 14)

Here, the Court addresses Plaintiff's remaining related filings. First, in his filing of June 1, 2026, Plaintiff declares under penalty of perjury that he "gave to Counselor Roman 2 envelopes with postage both addressed" to this Court. (Doc. 12.) He states they "were stapled together and enclosed was the following: Envelope 1: a form CDC 193 Trust Account Withdrawal Order dated 5/22/26 and signed by Counselor Roman approving the request … Envelope 2: a letter stating that the attached envelope contains payment in the amount of $405 for the filing fee …. Envelope 2 was

5

sealed and signed by [blank space] Envelope 1 was left open per CCR Title 15 3133(c)." (*Id*. at 1-2.) Plaintiff declares that "after giving envelopes to staff they transfer it to the trust office and then the mailroom for sending." (*Id*. at 2.) Plaintiff states his "belief that on 5/22/26 [he] has paid the filing fee of $405." (*Id*.)

Next, Plaintiff's submission of June 26, 2026, states in its entirety: "Attached to this envelope in a separate envelope is the $405 filing fee for the above entitled case." (Doc. 14.) Significantly however, the Clerk of the Court has advised the undersigned that a review of all mail submitted on the relevant date did not locate the "separate envelope" containing the filing fee to which Plaintiff refers.

In short, despite Plaintiff's belief that he has "paid the filing fee" for this action, he has not done so. The Court has never received monies from Plaintiff and the filing fee remains outstanding as of today's date.

As noted above, the deadline for submitting the full filing fee has not yet passed. Further, in the event Plaintiff requires more time to submit the full filing fee, he may seek a further extension of time. Therefore, it appears that any difficulties Plaintiff has encountered thus far can be remedied with additional time.

### III.    CONCLUSION AND RECOMMENDATION

For the reasons given above, the Court **HEREBY RECOMMENDS** that Plaintiff's construed motion for injunctive relief (Doc. 13) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation

may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **July 2, 2026**                        _____
                                                 UNITED STATES MAGISTRATE JUDGE

7